# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ROOSEVELT McCLENTON,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 12-2403 (JNE/JJK)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.)[1] The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## I. BACKGROUND

      In 2008, a Minnesota state court jury found Petitioner guilty of first degree

---

    [1] The Court notes that Petitioner failed to sign his petition, as required by Fed. R. Civ. P. 11(a) and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. As a result, the information provided in the petition has not been properly verified to be true and correct. For now, the Court will overlook Petitioner's omission, and assume that the information in the petition is true and correct, even though it has not been verified by Petitioner's signature.

    [2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

aggravated robbery and a fifth degree controlled substance offense. He was sentenced to 180 months in prison, and he presently serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal that raised several grounds for relief. However, the Minnesota Court of Appeals rejected all of Petitioner's claims, and affirmed his conviction and sentence. The Minnesota Supreme Court denied Petitioner's subsequent application for further review on June 29, 2010, and Petitioner's judgment of conviction became final on direct review when the United States Supreme Court denied his petition for a writ of certiorari on November 1, 2010. State v. McClenton, 781 N.W.2d 181, 186 (Minn.App. 2010), rev. denied, June 29, 2010, cert. denied, 131 S.Ct. 530 (2010).

In February 2011, Petitioner filed a federal habeas corpus petition in this District. See McClenton v. State of Minnesota, No. 11-411 (JNE/JJK) (hereafter "McClenton I"). This Court reviewed the previous petition, and found that it included some claims that had not previously been presented to the Minnesota state courts. Therefore, the Court recommended that the case should be summarily dismissed without prejudice, based on Petitioner's failure to exhaust his state court remedies as required by 28 U.S.C. § 2254(b) and (c). (McClenton I, Report and Recommendation ["R&R"] dated April 7, 2011, [Docket No. 5].) Petitioner was informed that he could attempt to exhaust his previously unexhausted claims, by filing a state post-conviction motion in the trial court. (Id., pp. 6-7.)[3] Petitioner did not object to the R&R in McClenton I, and the District Court Judge

---

[3] The R&R in McClenton I also gave Petitioner the option of filing an amended habeas petition that would present only fully exhausted claims, (i.e., claims that had been

dismissed the case without prejudice on May 6, 2011.

On February 23, 2012, Petitioner filed a post-conviction motion in the state trial court. (Petition, [Docket No. 1], p. 3, "Part Four," § 1.) In that motion, Petitioner raised several new claims for relief, including "ineffective assistance of counsel," "confrontation clause," "unconstitutional state statute claim's [sic]," and "improper jury instructions." (Id.) Petitioner has submitted a document entitled "'Exhibit': 5-E," (attached to the Petition), which indicates that his post-conviction motion was denied by the trial court on June 1, 2012. Petitioner has not disclosed whether he appealed the trial court's ruling on his post-conviction motion.[4]

Petitioner's current habeas corpus petition was filed on August 31, 2012. The specific grounds for relief presented in this petition are not very clearly identified.

---

previously raised in the Minnesota Supreme Court). (McClenton I, R&R, p. 7.) Petitioner was expressly advised that if he intended to exercise that option, he would have to file an amended petition (presenting only fully exhausted claims) before the deadline for filing objections to the R&R. Petitioner was also specifically advised that if he did not file a new petition before the deadline for filing objections to the R&R, he would "be deemed to have waived the option to amend." (Id.) Petitioner did not file an amended petition within the period of time prescribed by the R&R, and he therefore waived the option to file an amended petition in McClenton I. Even if Petitioner could somehow overcome that waiver, and file an amended petition in McClenton I at this late date, any such amended petition would not "relate back" to the filing of the original petition in McClenton I, because that case has been closed. See White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("there is nothing to which such an amendment can relate back, because the dismissed petition is no longer pending").

[4] According to a website maintained by the Minnesota judiciary, (http://macsn.courts.state.mn.us), Petitioner did file an appeal with the Minnesota Court of Appeals, and that appeal is still pending at this time. This information, however, has no bearing on the outcome of the present petition. As discussed more fully below, the federal habeas corpus statute of limitations expired before Petitioner filed his state post-conviction motion, so the ultimate resolution of the post-conviction motion in the trial court, or in the state appellate courts, cannot affect the timeliness of the present petition.

3

However, giving the petition the benefit of liberal construction, it appears that Petitioner is claiming:

(1) that he was deprived of his constitutional right to effective assistance of counsel because of several errors allegedly committed by his trial attorney;

(2) that he was deprived of his constitutional right to confront adverse witnesses, because the trial court judge erroneously admitted certain hearsay evidence;

(3) that he was deprived of his constitutional right to a jury determination of factual issues affecting his sentence; and

(4) that the jury was given improper instructions regarding the elements of the charged offenses.

The Court finds, however, that Petitioner did not commence the present action within the one-year statute of limitations prescribed by federal law. Therefore, the merits of Petitioner's habeas corpus claims will not be addressed, and the Court will recommend that this action be summarily dismissed due to untimeliness.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

4

applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Therefore, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." For § 2244(d)(1)(A) purposes, Petitioner's conviction and sentence became final, and the federal habeas corpus statute of limitations began to run, on the date when the United States Supreme Court denied Petitioner's petition for a writ of certiorari in his direct appeal. King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) ("[i]f the petitioner pursues direct review to the Supreme Court, judgment becomes final at the 'conclusion of direct

5

review' – that is, when the Supreme Court 'affirms [the] conviction on the merits or denies [the] petition for certiorari'") (quoting Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012). In Petitioner's case, the Supreme Court denied certiorari review on November 1, 2010, so the statute of limitations began to run on that date. The statutory deadline for seeking federal habeas corpus review expired one year later, on November 1, 2011. However, Petitioner's current habeas corpus petition was not filed until August 31, 2012. Therefore, this case is clearly time-barred.

The Court recognizes that Petitioner filed his first habeas corpus petition in McClenton I in February 2011, which was many months before the § 2244(d)(1) statute of limitations expired on November 1, 2011. However, McClenton I did not toll the federal statute of limitations, and the one-year limitations period continued to run during the time that McClenton I was pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.").

The Court also recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because <u>the federal statute of limitations had already expired before he filed his post-conviction motion in the state trial court</u>. The statute of limitations expired on November 1, 2011, and Petitioner did not file his state post-conviction motion until February 23, 2012. Thus, the federal habeas statute of limitations expired more than three months before Petitioner filed his state post-conviction motion. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, 599 F.3d 849, 852 (8th Cir.) ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"), cert. denied, 131 S.Ct. 602 (2010). Because the federal limitations period expired before Petitioner's state post-conviction motion was filed, that motion could not have tolled the statute of limitations. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000).

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully completed. That, however, is simply not the case. "Section 2244(d)(2) only stops,

7

but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the federal statute of limitations expired in this case, on November 1, 2011, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion on February 23, 2012.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000))

8

(emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. Petitioner knew (or should have known) about all of his current claims for relief when McClenton I was dismissed back in May 2011. Furthermore, this Court's R&R in McClenton I clearly apprised Petitioner about the possibility that he could exhaust his state court remedies (for his then unexhausted claims) by filing a post-conviction motion in the trial court. (McClenton I, R&R, pp. 5-7.) When McClenton I was dismissed, Petitioner still had plenty of time to file a state post-conviction motion that would have tolled the federal statute of limitations. McClenton I was dismissed in May 2011, and the federal statute of limitations did not expire until November 2011. However, Petitioner inexplicably waited until February 2012 to file his state post-conviction motion. By then it was too late, because the federal habeas statute of limitations had already expired more than three months earlier. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

9

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief expired in this case on November 1, 2011. However, Petitioner did not commence the present habeas action until August 31, 2012 – long after the statute of limitations deadline.

Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), <u>if</u> it had been filed before the statute of limitations expired. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his post-conviction motion in the trial court until after the federal statute of limitations had already expired. In addition, Petitioner has shown no viable grounds for equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus action is time-barred, and this case must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed pursuant to the applicable one-year statute of limitations, the Court will further recommend that Petitioner's pending application to proceed <u>in forma pauperis</u>, (Docket No. 2), be summarily denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

**V. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated:    October 3, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 18, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.